In the Matter of ROBERT M. GORDON (Admitted as ROBERT MARK GORDON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 29, 1988

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

The Departmental Disciplinary Committee for the First Judicial Department seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) suspending respondent Robert M. Gordon from the practice of law forthwith and until completion of the pending Committee investigation of 18 complaints of serious professional misconduct filed against him.

Respondent was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on October 6, 1982. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

The substance of the complaints lodged against respondent is remarkably consistent, to wit, respondent is repeatedly alleged to have accepted retainer fees, in amounts ranging from $500 to $6,000 for a total sum in excess of $40,000, to prosecute various claims, and in each instance, he has either totally neglected or failed to pursue each matter to the substantial prejudice of his clients.

Respondent was notified of the complaints filed with the Committee and yet has failed to submit appropriate answers despite repeated requests to do so. In addition, as part of the Committee's continuing investigation of these matters, a subpoena duces tecum issued by this court was served on respondent on March 3, 1988, requiring his appearance and the production of 14 files at the Committee's office on March 10, 1988. Respondent did appear but was granted an adjournment to March 15, 1988. On that date, respondent appeared but was granted another adjournment to retain counsel. The matter was then adjourned on 14 different occasions due to the alleged illness of respondent, with respondent appearing on only three of the adjourned dates. Medical certificates were requested of respondent but never submitted to the Committee to support his claim that he was ill and could not appear.

The matter was finally adjourned to June 2, 1988, at which time respondent was informed that there would be no further adjournments at the risk of a motion to suspend him from the practice of law. On June 1, 1988, the Committee received a Western Union Mailgram confirming respondent's appointment for June 2, 1988, and further stating, "I shall be there." Nevertheless, respondent failed to appear on June 2, 1988, and to date, the Committee has not heard from him. With

regard to the within motion to suspend respondent from the practice of law, he has failed to interpose an answer or otherwise communicate with this court.

Under all the circumstances present herein, the Committee's motion for an interim order of suspension should be granted. Respondent's conduct evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation.

Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (i), respondent is suspended from the practice of law forthwith and until such time as the complaints against him have been finally disposed of and until further order of this court. We also direct that respondent cooperate with the Committee's investigation without further delay. *(Matter of Jackson,* 128 AD2d 150, 152.)

MURPHY, P. J., CARRO, ASCH, KASSAL and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith pending determination of the complaint against him, and until the further order of this court, and respondent is directed to cooperate with the Committee's investigation without further delay, as indicated.