In the Matter of DAVID VALDES, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 26, 1990

## APPEARANCES OF COUNSEL

*Charles M. Guria* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, David Valdes, was admitted to the practice of

law in New York by the First Judicial Department on November 28, 1978, and at all relevant times has maintained an office for the practice of law within the First Judicial Department. Petitioner, the Departmental Disciplinary Committee, moves for an order .pursuant to 22 NYCRR 603.4 (e) (1) (i) suspending respondent from the practice of law forthwith because of his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct against him.

The Committee's motion states that it received a complaint of client neglect against respondent in June 1989. On July 5, 1989, the Committee mailed a copy of the complaint to the address listed on its records as respondent's office (210 West 101st Street, New York, N. Y.), together with a letter from the Committee's chief counsel requesting respondent to "kindly submit" a written answer to the complaint within 20 days, and "advis[ing] that an unexcused failure·to reply to this complaint constitutes 'professional misconduct' independent of the merits of the complaint and will be treated accordingly by the Committee." When respondent did not respond, a paralegal with the Committee wrote a second letter, on July 31, 1989, reciting respondent's failure to respond to the first letter, requesting his answer to the complaint within seven days, and "advis[ing] that should you continue to neglect or refuse to cooperate with this Committee, we will have no alternative but to consider presentation of formal charges of professional misconduct", with failure to cooperate being "an additional and specific charge". When still no response was received, the Committee, through the same paralegal, wrote a third letter, on August 14, 1989, reciting respondent's failure to respond to the first two letters, advising that "[u]nless we receive your response on or before August 21, 1989 we shall have no alternative but to make an appropriate application to the Appellate Division", and enclosing copies of 22 NYCRR 603.4 (e) (1) (i) and recent decisions of this court—*Matter of Linn* (129 AD2d 219), *Matter of Jackson* (128 AD2d 150), and *Matter of Erlin* (126 AD2d 83)—suspending attorneys pursuant to that rule for failure to cooperate. Again no response, but this time the Committee reacted by calling respondent's listed place of employment, whereupon it was told that he no longer worked there and that his current address or telephone number were not available. Fortunately, the Committee was then informed by the client that respondent occasionally worked with another attorney whose name and address she

was able to provide, and, on August 21, 1989, through the same paralegal, the Committee sent respondent a letter by certified mail, return receipt requested, in care of that attorney, which was like the one sent on August 14, 1989 except that it requested an answer by August 28, 1989. On August 29, 1989, respondent called the Committee, spoke to the paralegal, acknowledged receipt of the complaint, promised to mail his answer by August 30, 1989, and asked that future correspondence be sent to his home address (which, curiously, was also 210 West 101st Street, New York, N. Y.). When no answer came, the Committee, on January 10, 1990, prepared a subpoena commanding respondent's attendance before the Committee on January 30, 1990, and containing the name and telephone number of the Committee's staff attorney to contact "if you have any questions", which was personally accepted by respondent when he visited the Committee's offices on January 17, 1990. However, respondent did not appear on January 30, 1990, nor did he contact the Committee before that date to advise that he would not be appearing. In a final effort to secure respondent's cooperation, the Committee's attorney whose name appeared on the subpoena sent him a letter on February 1, 1990, again by certified mail, in which he recited respondent's failure to appear on January 30, or at least "extend to me the basic professional courtesy [of] call[ing] to inform me that you would not appear", reminded him that he was still under subpoena, and advised that unless he appeared on February 9, 1990, the Committee would "have no choice" but to make a motion to suspend him from the practice of law for failure to cooperate. Respondent neither appeared on February 9 nor contacted the Committee. The instant motion was personally served on respondent on February 28, 1990 and made returnable on March 20, 1990; no opposition has been submitted by respondent.

We find that respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." *(Matter of Gordon,* 142 AD2d 135, 137.) Accordingly, the motion should be granted, and respondent suspended forthwith from the practice of law pending further order of the court.

KUPFERMAN, J. P., SULLIVAN, ROSS, ELLERIN and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court.