In the Matter of JOHN J. SULLIVAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 23, 1991

APPEARANCES OF COUNSEL

*Christopher D. Kerr* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee for the First Judicial Department seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) suspending respondent John J. Sullivan from the practice of law forthwith and pending completion of the investigation of the complaint of professional misconduct filed against him.

Respondent was admitted to practice in the Supreme Court, Appellate Division, Second Judicial Department, on April 8, 1956. At the time of the conduct upon which the complaint herein is based, respondent maintained an office for the practice of law within the First Judicial Department.

On June 8, 1989, the Committee received a complaint against respondent, the executor of the complainant's deceased mother's estate. The complaint alleged that on July 21, 1982, the complainant had paid respondent a fee in the sum of $2,500 to settle his account as executor and, despite her repeated requests, he had failed to conclude the matter. Included with the complaint were letters from the complainant's new attorney indicating that a petition to compel an accounting had been filed in Bronx County and that respondent had failed to appear or file an answer to that petition. Although the Committee notified respondent of the complaint and requested a response, none was forthcoming.

Ultimately, respondent was served with a subpoena duces tecum directing him to appear, but the matter was adjourned twice on respondent's representation that there were family medical problems. On the morning of February 15, 1991, the third adjourned date, respondent informed the Committee staff counsel that he was unable to appear due to illness and "might see a doctor". Staff counsel suggested that "he had better" do so and advised respondent that he was not consenting to any adjournment and that respondent would be expected to provide an explanation for his nonappearance. Respondent stated that he would call the staff counsel the

following Wednesday; however, he has not communicated with the Committee since that time.

Shortly after this conversation, staff counsel was advised by the complainant's new attorney that on June 21, 1989 the Bronx County Surrogate's Court had issued an order in the estate matter directing respondent to file an accounting and that on November 4, 1989, respondent had been personally served with the order. As of November 13, 1990, he had still not complied. Nor, with respect to the within motion, has respondent interposed an answer or otherwise communicated with this court.

Under the circumstances herein, respondent's conduct evinces a shocking disregard for the judicial system. His failure to respond to the complaint of professional misconduct or to the Committee's motion to suspend can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation. *(See, Matter of Gordon,* 142 AD2d 135, 137; *see also,* Rules of App Div, 1st Dept [22 NYCRR] § 603.4 [e] [1] [i].)

Moreover, respondent's apparent failure to complete his duties as executor even after being ordered by the Surrogate to do so constitutes "other uncontroverted evidence of professional misconduct." (Rules of App Div, 1st Dept [22 NYCRR] § 603.4 [e] [1] [iii].)

Accordingly, pursuant to section 603.4 (e) (2), respondent is suspended from the practice of law forthwith and pending the investigation and consideration of the charges against him and until further order of this court. We also direct respondent to cooperate with the Committee's investigation without further delay.

SULLIVAN, J. P., ROSENBERGER, ELLERIN, ROSS and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (2), forthwith and pending the investigation and consideration of the charges against him, and until the further order of this court, and respondent is directed to cooperate with the Departmental Disciplinary Committee's investigation without further delay, as indicated.