In the Matter of HAROLD L. KING, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 11, 1991

### APPEARANCES OF COUNSEL

*Christopher D. Kerr* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner seeks respondent's immediate suspension from the practice of law pending consideration of charges against him, for his failure to cooperate with the investigation. Re-

spondent was admitted to practice law in New York by this court in 1979, and has practiced in the First and Second Departments since then.

In 1989 petitioner received a complaint from a Justice of the Supreme Court in Queens County, charging respondent with neglect and professional misconduct for missing a number of court dates in connection with his representation of a client retained in a criminal matter, most of the absences without any explanation offered, but one based upon an explanation later determined to be a fabrication. In the two years since this judicial referral, petitioner has met with similar difficulty in getting respondent to respond to inquiries about this matter. Numerous invitations by telephone and mail have been ignored and appointments have been broken. In fact, respondent has avoided any communication with petitioner since December 8, 1989, at which time he gave petitioner his (yet unfulfilled) assurance that his formal answer to the charge against him was forthcoming. On that same day, a subpoena duces tecum—which respondent had indicated he would accept by mail—was issued by this court for return before petitioner on the agreed upon date of January 17, 1990, but that mandate has also remained unsatisfied. Respondent has ignored repeated warnings that his refusal to cooperate with the investigation could result in his suspension from practice. Indeed, he has failed even to respond to the instant motion.

22 NYCRR 603.4 (e) calls for interim suspension, on appropriate notice, of an attorney pending consideration of charges against him, where there is a finding of "professional misconduct immediately threatening the public interest." Such professional misconduct may take the form of failure to answer pending charges, or failure to comply with lawful demands of this court or the Departmental Disciplinary Committee in connection with investigation of the charges. The threat to the public interest is confirmed by petitioner's receipt of a more recent complaint concerning respondent's failure to pursue a client's interest in a Bronx civil matter for which he had been advanced some $1,600.

Failure to cooperate with the Departmental Disciplinary Committee, or to make oneself accessible in connection with the Committee's investigation, to say nothing of the flaunting of a subpoena issued by this court, warrants suspension from practice pending investigation of the charges (Matter of Linn, 129 AD2d 219; Matter of Erlin, 126 AD2d 83). Respondent's

conduct evinces a shocking disregard for the judicial process and its system of disciplinary oversight, and can only be interpreted as a deliberate and willful attempt to impede petitioner's investigation *(Matter of Valdes,* 160 AD2d 31).

Accordingly, respondent is suspended from the practice of law forthwith pending final disposition of the complaints against him, and until further order of this court. Respondent is further directed to cooperate with petitioner's investigation without further delay *(Matter of Gordon,* 142 AD2d 135, 137).

SULLIVAN, J. P., MILONAS, WALLACH, ROSS and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective forthwith, until such time as the complaints against him have been finally disposed of, and until the further order of this court. Respondent is directed to cooperate with petitioner's investigation without further delay.