In the Matter of Louis V. Viscomi, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 2, 1993

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Louis V. Viscomi was admitted to the practice of law in New York by the Appellate Division, Second Department, on July 3, 1963. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) of the rules of this Court suspending respondent from the practice of law based on his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct.

The Committee has received complaints charging respondent with serious professional misconduct concerning his handling of two estate matters, including failure to distribute estate assets and failure to account for funds received for the purpose of payment of taxes. In spite of numerous requests, respondent has not submitted responses to either complaint, and has failed to comply with a subpoena duces tecum issued by this Court requesting the production of documents relating to one of the matters. In addition, respondent has not submitted a response to the within motion offering any excuse for his lack of cooperation.

22 NYCRR 603.4 (e) (1) (i) provides:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i)·the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding."

In view of the serious allegations which have been made against respondent and his failure to respond, it may be concluded that immediate intervention by this Court is warranted (see, Matter of Valdes, 160 AD2d 31; Matter of Gordon, 142 AD2d 135). Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) is granted and respondent is

suspended from the practice of law, effective immediately, and until further order of this Court.

CARRO, J. P., MILONAS, ELLERIN, ROSS and ASCH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court.