In the Matter of JONATHAN LUBELL (Admitted as JON LUBELL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 1, 1993

## APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Jonathan Lubell, was admitted to the practice of law in New York by the First Judicial Department on April 3, 1978, under the name Jon Lubell. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

By notice of motion dated October 21, 1992, the Departmental Disciplinary Committee (the Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), to immediately suspend respondent from the practice of law, on the basis of willful failure to cooperate with the Committee in its investigation, and in light of uncontroverted evidence of his professional misconduct, which threatens the public interest.

The complaint against respondent stems from his representation of a client, from whom he received $6,700 on December 2, 1987, to be held in escrow in connection with her purchase of a house. Although the closing, which was scheduled for March 2, 1988, did not take place, respondent failed to return the money or to render any explanation for his failure to do so, despite repeated demands by the client and her new attorney.

On May 25, 1988, an action to recover the escrow funds was commenced in Supreme Court, and on March 22, 1989, respondent was directed by the court to submit in writing to plaintiff's counsel and to the court the title and number of the account in which he claimed the escrow funds were being held, purportedly because of an unresolved dispute between the buyer and the seller. Respondent submitted a letter stating that the funds were in a "Super Savings Certificate" at a specified bank, but which did not confirm that this was an escrow account. Respondent was then directed to deposit $6,700 into court, pending further proceedings, and failed to do so. Consequently, on July 20, 1990, a judgment was entered against him in the amount of $6,700 plus costs and interests, for a total of $8,519.25.

Notified of the complaint filed with the Committee, respondent answered in a letter asserting that the court had merely requested that he "submit a letter stating that he continued to hold the escrow deposit in his escrow account". This statement constitutes a knowing misrepresentation to the Committee, and further attempts by the Committee to obtain information from respondent have been futile.

Bank records subpoenaed by the Committee reveal that the balance in the account in which respondent claimed to have deposited the escrow money never rose above the sum of $12.85 and, indeed, carried a negative balance of $5.96 in March 1989, when respondent informed the court that the client's $6,700 was maintained therein.

On March 27, 1992, the Committee subpoenaed respondent to appear on April 14, 1992 with his file. Respondent neither appeared nor made the file available.

In light of all of these circumstances, we conclude that the Committee's motion for an interim order of suspension should be granted. Respondent's repeated failures or refusals to contact the Committee, or to provide requested documents or appear for deposition, "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon,* 142 AD2d 135, 137; *Matter of Valdes,* 160 AD2d 31, 33).

Accordingly, the petition is granted, and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.

ELLERIN, J. P., KUPFERMAN, ROSS, ASCH and KASSAL, JJ., concur.

Respondent is suspended immediately, until the further order of this Court.