[598 NYS2d 955]

In the Matter of EDWARD F. McLAUGHLIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 8, 1993

**APPEARANCES OF COUNSEL**

*Karen A. Robinson* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent Edward F. McLaughlin was admitted to the practice of law in New York by the Second Judicial Department on June 27, 1951. At all times relevant herein, the

respondent maintained an office for the practice of law within the First Judicial Department.

On August 17, 1992, the Departmental Disciplinary Committee (Committee) moved for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) suspending the respondent from the practice of law based upon his willful failure to cooperate with the Committee's investigation into allegations that he neglected his responsibilities as executor of an estate. The respondent ignored two letters requesting a response to the complaint and failed to respond to the Committee's motion seeking an immediate suspension.

By order entered October 2, 1992, this Court held the Committee's motion for a suspension in abeyance and directed the respondent, within 20 days from the date of entry of said order, to serve the Committee with a written response to the complaint. This order further stated that the Committee's motion would be granted upon notification to the Court and to the respondent of the respondent's failure to comply with the order.

On February 9, 1993, the respondent was personally served with the October 2nd order and notice of entry, informing him that he had 20 days to submit an answer to the Committee. The delay in service was caused by difficulty in locating the respondent. He failed to respond and the Committee now brings a motion seeking an order suspending him from the practice of law. The respondent was personally served with a copy of this motion on March 31, 1993 but to date, he has not submitted a response.

In light of the respondent's failure to comply with this Court's order of October 2, 1992 and his failure to respond to the Committee's motion, his conduct can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation (see, Matter of Gordon, 142 AD2d 135).

Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (i), the respondent is suspended from the practice of law forthwith and until such time as the Committee's investigation has been concluded and until further order of this Court.

CARRO, J. P., ROSENBERGER, ELLERIN, WALLACH and ASCH, JJ., concur.

Motion granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective June 8, 1993, and until the further order of this Court.