[603 NYS2d 746]

In the Matter of LORENZO A. DeLuca, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 14, 1993

#### APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Lorenzo A. DeLuca was admitted to the practice

of law in New York by the Appellate Division, First Judicial Department, on January 26, 1976. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) of the rules of this Court suspending respondent from the practice of law forthwith based upon his willful failure to cooperate with the Committee in its investigation of allegations of misconduct. In support of its application, petitioner has presented proof that, in response to petitioner's inquiries regarding two complaints filed against him, both regarding the disposition of escrow funds, respondent has submitted responses containing only general information, has ignored requests for more specific answers, has failed to comply with a subpoena duces tecum requiring production of a file, has failed to appear on two occasions for scheduled depositions and has otherwise made himself unavailable to the Committee. In addition, respondent has failed to interpose a response to this motion.

Under 22 NYCRR 603.4 (e) (1) (i),

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding."

Petitioner has clearly demonstrated that respondent's failure to cooperate with its investigation mandates a finding that petitioner has committed misconduct immediately threatening the public interest within the meaning of section 603.4 (e) (1) (i). Accordingly, the motion should be granted and respondent should be suspended from the practice of law, effective immediately, and until such time as the disciplinary matters before the Committee have been concluded and until further order of this Court *(see, Matter of Valdes,* 160 AD2d 31; *Matter of Gordon,* 142 AD2d 135).

CARRO, J. P., ROSENBERGER, ELLERIN, WALLACH and ROSS, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law, effective immediately, and until such time as the disciplinary matters before the Departmental Disciplinary Committee have been concluded and until the further order of this Court. (See, Matter of Valdes, 160 AD2d 31; Matter of Gordon, 142 AD2d 135.)