336

[604 NYS2d 73]

In the Matter of HERBERT HARRIS, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 23, 1993

APPEARANCES OF COUNSEL

*Karen A. Robinson* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Herbert Harris, Jr.,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Herbert Harris, Jr., was admitted to the practice of law in New York by the First Judicial Department on November 28, 1978.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to Rules of this Court (22 NYCRR) § 603.4 (e) (1) (i) suspending respondent from the practice of law forthwith based upon his willful failure to cooperate with the Committee in its investigation of allegations of misconduct. In support of its application, petitioner has presented proof that respondent has failed to respond to repeated inquiries regarding five separate complaints charging respondent with serious misconduct. Two of these complaints involve personal matters, including respondent's alleged failure to pay judgments entered against him and failure to comply with a subpoena requiring his presence in court in civil proceedings brought against him by the New York City Department of Housing Preservation and Development. Three of the complaints concern client matters, of which two involve charges of neglect of proceedings for which respondent was paid, and one involves a charge that respondent induced a client to invest $45,000 with him and then failed to pay back the principal, as promised.

22 NYCRR 603.4 (e) (1) (i) provides in pertinent part as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding".

In the case at bar, the Committee's investigation of respondent commenced in May of 1992. During the more than one year that has elapsed, despite numerous letters requesting that he contact the Committee, respondent has done so on only one occasion, on September 9, 1992. To date, respondent

has failed to submit responses to the five complaints, and he has otherwise made himself unavailable to the Committee. In addition, respondent has failed to interpose a response to this motion other than a letter, dated September 29, 1993 asking that his name be removed from the roll of attorneys authorized to practice law in this State based on his belief that his continued practice of law in this country would make him a coconspirator in perpetrating the lie that African Americans can receive justice in the legal system. However, this unsworn letter does not comply with the requirements of Rules of this Court (22 NYCRR) § 603.11 with regard to the resignation of attorneys. In the event respondent wishes to resign rather than defend himself against the charges in the pending disciplinary investigation he must submit an affidavit which complies with section 603.11.

In light of all of these circumstances, respondent is clearly guilty of professional misconduct immediately threatening the public interest within the meaning of 22 NYCRR 603.4 (e) (1) (i), and he should be suspended from the practice of law, effective immediately, and until such time as the disciplinary matters before the Committee have been concluded and until further order of this Court (see, Matter of Valdes, 160 AD2d 31; Matter of Gordon, 142 AD2d 135).

CARRO, J. P., ROSENBERGER, ELLERIN, KUPFERMAN and KASSAL, JJ., concur.

Petitioner's motion is granted and respondent is suspended from practice, effective immediately, and until such time as the disciplinary matters before the Committee have been concluded and until the further order of this Court, as indicated.