[638 NYS2d 301]

In the Matter of DONG-IN KIM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 8, 1996

#### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Dong-In Kim was admitted to the practice of law in the State of New York by the Third Judicial Department on June 23, 1987. At all times relevant herein, respondent, who

has not appeared in this proceeding, has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (Committee), by motion dated September 28, 1995, moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law until further order of the Court due to his willful failure to cooperate with the Committee in its investigation, and based upon uncontested evidence of respondent's professional misconduct which threatens the public interest.

The Committee commenced its investigation of respondent's professional misconduct in May 1994 after receiving a complaint against him from his former firm, Donovan, Leisure, Newton & Irvine. Respondent was employed by the firm as "counsel" from February 26, 1990 until April 18, 1994, when he was asked to resign. The complaint alleged that from 1991 through 1994, respondent fraudulently embezzled and wrongfully obtained substantial sums of money from the firm by submission of false statements, supported by altered and forged receipts, of claimed expenses incurred for alleged business entertainment of clients and prospective clients of the firm. Respondent allegedly accomplished this fraud by altering the amounts shown on legitimate business credit card receipts and by submitting credit card receipts used for his own personal purposes which he represented as business expenses connected with firm business. The firm estimated that respondent had wrongfully obtained approximately $70,000. The foregoing charges are supported by extensive documentation.

On May 9, 1994, the Committee sent a letter to respondent's New Jersey address with a copy of the firm's complaint requesting an answer to the allegations. On May 23, 1994, respondent contacted the Committee by telephone stating that he was calling from Korea, that he had just received the May 9th letter and that he needed additional time to respond. He also indicated that he wished to resign from the Bar because he would no longer be practicing in New York. As memorialized in a letter from the Committee dated May 24, 1994, respondent agreed to submit an affidavit of resignation or an answer on June 24, 1994.

The Committee received no further communication from respondent and, as a result, sent a letter to respondent at his address in Korea, dated August 8, 1994, requesting that he contact the Committee. That letter was never answered. In addition, a Staff Investigator for the Committee determined that

as of February 1, 1995, respondent was still receiving mail at his New Jersey address.

The Committee maintains herein that as a result of respondent's misconduct and his failure to answer the complaint, he should be suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), for noncooperation with the Committee's investigation and due to the uncontested evidence of misconduct. The Committee served respondent with the underlying motion papers at both his New Jersey and Korea address, specifically warning respondent that an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of suspension may be disbarred without further notice. To date, respondent has not interposed a response to this motion.

Respondent's failure to cooperate with the Committee is well documented and undisputed. Although respondent received the complaint and informed the Committee that he would seek to resign, he submitted neither his resignation nor an answer to the complaint. It has further been established that respondent receives mail at his New Jersey address, yet he has refused to contact the Committee regarding this matter despite numerous opportunities. Adding to his failure to cooperate with the Committee in its investigation, respondent has now failed to interpose a response to this motion by the Committee seeking his suspension. As a result, we conclude that respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 186; *Matter of Valdes*, 160 AD2d 31.)

Accordingly, the Committee's motion is granted and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

MURPHY, P. J., SULLIVAN, ROSS, WILLIAMS and TOM, JJ., concur.

The Committee's motion is granted, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until such time as the disciplinary matters pending before the Committee have been concluded and until the further order of this Court.