[650 NYS2d 172]

In the Matter of LINDA M. HOWARD, Also Known as LINDA M. HOWARD AHMED (Admitted as LINDA MARIE HOWARD), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 1996

### APPEARANCES OF COUNSEL

*Clarence Smith, Jr.,* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent, Linda M. Howard, was admitted to the practice of law in the State of New York by the First Judicial

Department on April 23, 1990, as Linda Marie Howard. At all relevant times, she maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee for the First Judicial Department seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) suspending the respondent until further order of the Court, for her willful failure to cooperate with the Committee in its investigation of three complaints lodged against her.

The first complaint concerned the respondent's refusal to return the retainer and fee paid to her upon a client's determination that he no longer wished to file a personal bankruptcy petition; she refused to refund the retainer based upon the time that she had already spent on the case. The respondent ignored repeated requests for compliance with a mediation agreement pursuant to which she had agreed to return one half of her retainer and the filing fee. After about a year of frustrated collection efforts, the mediator eventually referred the matter to the Disciplinary Committee. With respect to the second complaint, the respondent failed to pursue a personal injury matter after having been retained and having met several times with her clients. The respondent did not respond to a complaint filed against her with the Committee, and ignored repeated requests for an answer to the complaint. The third complaint concerned her failure to pursue a civil suit in New Jersey, and her failure to apprise her client of either her location or the status of the case. On April 29, 1996, the respondent was admonished by the New Jersey Supreme Court for her conduct in this matter.

The respondent was served with the Committee's motion by mail at her post office box and her home address in Plainfield, New Jersey. In addition, the Committee enlisted the Office of Attorney Ethics in New Jersey to serve the respondent with a subpoena at her home. The respondent has not responded to the subpoena, sought an adjournment, or otherwise contacted the Committee.

Under the circumstances presented, the Committee's motion for an interim order of suspension should be granted. Her failure to cooperate with the Committee is well documented and undisputed, evidencing "a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137; *Matter of Lubell*, 189 AD2d 186, 187; *Matter of Valdes*, 160 AD2d 31, 33.)

Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (i), the respondent is suspended from the practice of law, effective im-

mediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

ROSENBERGER, J. P., WALLACH, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Application granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until such time as the disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.