[659 NYS2d 434]

In the Matter of DONALD TUCKER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 1, 1997

### APPEARANCES OF COUNSEL

*Clarence Smith, Jr.,* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Donald Tucker was admitted to the practice of law in the State of New York by the Second Judicial Department on June 26, 1963, and at all times relevant to these

proceedings, he maintained an office for the practice of law within the First Judicial Department.

By motion dated April 14, 1997, the Departmental Disciplinary Committee (the Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of the Court, as a result of respondent's willful failure to cooperate with the Committee during the course of the present investigation.

The Committee commenced an investigation into respondent's professional conduct in January 1996, on the basis of a complaint from a prior client in a criminal case that respondent had failed to provide the client with documents necessary for the appeal. Although the Committee forwarded this complaint to respondent's office address as well as his home address, and requested an answer within 20 days, he failed to respond to the Committee's letter and never responded to the complaint. On April 29, 1996, the Committee received a second complaint from the mother of a client in another criminal matter, accusing respondent of neglecting the client by failing to file an appeal despite her payment of a retainer for that purpose. Respondent, by letter dated July 3, 1996, claimed that he had been retained for trial only. On July 19, 1996, the Committee received a third complaint from another client claiming that respondent had failed to return documents in connection with the client's criminal case. The Committee forwarded the complaint to respondent on August 14, 1996, and requested that he respond within 20 days. When he failed to respond, the Committee, by letter dated September 19, 1996, which incorporated this matter, requested that respondent contact the Committee. Respondent thereafter failed to answer this complaint and failed to contact the Committee to provide information relative to the complaint.

The Committee assigned an investigator, who submitted an affirmation setting forth the subsequent numerous unsuccessful attempts he had made to discuss these matters with respondent, followed by a subpoena mailed to respondent March 18, 1997, signed for at his business address on March 21, 1997, directing him to appear before the Committee on March 28, 1997. Respondent failed to appear and he has failed to contact the Committee in connection therewith.

Respondent's failure to cooperate with the Committee's investigation and to comply with the Committee's lawful demands made in connection therewith (22 NYCRR 603.4 [e] [1] [i]) evinces a "shocking disregard for the judicial system,

and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137), warranting his suspension.

Accordingly, the Committee's motion is granted and respondent is suspended from the practice of law until further order of this Court.

SULLIVAN, J. P., MILONAS, WALLACH, WILLIAMS and TOM, JJ., concur.

Application granted to the extent of suspending respondent form practice as an attorney and counselor-at-law in the State of New York, effective immediately, until the further order of this Court.