[662 NYS2d 482]

In the Matter of REGINA M. TATE (Admitted as REGINA MARQUITA TATE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 25, 1997

#### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Regina M. Tate,* respondent *pro se.*

#### OPINION OF THE COURT

Per Curiam.

Respondent, Regina M. Tate,[1] was admitted to the practice of

---

1. Respondent has appeared in this proceeding *pro se.*

law in the State of New York by the Second Judicial Department on December 11, 1991, as Regina Marquita Tate. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.[2]

The Departmental Disciplinary Committee (the Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law until further order of the Court based upon her willful failure to cooperate with the Committee in its investigation of 11 complaints against her alleging professional misconduct.

Nine of the pending complaints against respondent were received from her clients pertaining to respondent's neglect, her misrepresentation of the status of their cases, and her retention of retainers and unearned fees. Indeed, the Committee's instant petition to immediately suspend respondent is also based upon uncontested evidence that respondent engaged in the practice of demanding and receiving nonrefundable retainers in violation of DR 2-106 (A) (22 NYCRR 1200.11) and DR 2-110 (A) (3) and (B) (4) (22 NYCRR 1200.15; *see, Matter of Cooperman*, 83 NY2d 465). At her April 17, 1997 deposition, respondent admitted that until September 1996, her retainer agreements for all her clients provided for nonrefundable retainers.

The *sua sponte* complaints are based upon respondent's failure to comply with Court-imposed discovery deadlines and her failure to honor her representations to the Court.

Based upon the foregoing, the Committee maintains that respondent's failure to cooperate with the Committee in answering the complaints against her, as well as the uncontested evidence that she engaged in professional misconduct, are grounds for her immediate suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii).

Respondent's failure to cooperate with the Committee is well documented and undisputed. Respondent has continuously made excuses and has failed altogether to answer numerous complaints against her despite being accorded many opportunities to do so. Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137; *see also,*

2. Respondent had law offices in Manhattan until December 1996 when she began practicing law from her home in Garrison, New York.

*Matter of Lubell*, 189 AD2d 186; *Matter of Valdes*, 160 AD2d 31.) Additionally, she has admitted that her retainer agreements prior to September 1996 provided for nonrefundable retainers, which constitutes professional misconduct. She should not be permitted to practice law at this time.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) is granted, and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and COLABELLA, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.