[663 NYS2d 6]

In the Matter of DANNY K. CHADI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 1997

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Danny K. Chadi,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Danny K. Chadi was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1986. At all times relevant to this proceeding, re-

spondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of this Court, due to his willful failure to cooperate with this Committee in its investigation.

The Committee's motion is based upon respondent's lack of cooperation in the Committee's investigation into a complaint filed by Daniel Tessler, Esq. on August 5, 1996. The complaint alleged that respondent submitted a falsified affirmation by forging another attorney's signature on an affirmation of service. Respondent answered the complaint on September 18, 1996 and denied the charges.

Thereafter, on March 3 and April 1, 1997, staff counsel left messages on respondent's office answering machine requesting information. These calls were not returned.

Court-ordered subpoenas directing respondent to appear for a deposition were sent with an accompanying letter to respondent's home and office address by both regular and certified mail, dated April 17, 1997. On April 22, 1997, staff counsel left a message on respondent's office answering machine to confirm the April 30, 1997 deposition. The subpoena sent to respondent's office was forwarded to an address in Tenafly, New Jersey, where it was signed for on April 30, 1997. Respondent failed to respond to staff counsel's call and did not attend the deposition.

On April 30, 1997, staff counsel left a message on respondent's office answering machine concerning the missed deposition. He also sent a letter to respondent's Tenafly address requesting that respondent call the Committee and apprising him that his failure to respond could subject him to disciplinary proceedings. On May 7, 1997, the Committee received a fax from respondent acknowledging receipt of the April 30, 1997 letter and stating, in pertinent part: "With reference to your letter dated April 30, 1997, kindly note that D. Tessler's conduct and unprofessional complaint [ ] should not be against me, and should leave no right to question a client. This reply should constitute professional conduct."

By letter to respondent dated May 13, 1997, the Committee informed respondent that refusal to cooperate with the Committee would expose him to formal charges of professional misconduct and suspension in accordance with this Court's

rules. A court-ordered subpoena was included with this letter requesting that respondent appear for a deposition on May 23, 1997. In a fax dated May 21, 1997, respondent acknowledged receipt of the Committee's May 13, 1997 letter. He asserted that the Committee had no need for and should not require his testimony at a deposition. Respondent again stated the facts set forth in his answer in denial of the charges.

On May 30, 1997, staff counsel called respondent's office and an individual who answered "Chadi Offices" hung up when staff counsel identified himself and asked to speak with respondent.

22 NYCRR 603.4 (e) (1) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding."

In answer, respondent fails to respond to the allegation that he has not cooperated with the Committee. Rather, he insists that there is no merit to the complaint and questions the evidence.

Although respondent has been in contact with the Committee and has attempted to defend himself, he has not "cooperated" with the Committee's investigation. Since respondent has completely ignored the Committee's requests for information and has disobeyed the Committee's subpoenas, the Committee has not been able to determine the validity of the complaint. Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 187; *Matter of Valdes*, 160 AD2d 31.)

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) is granted and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and COLABELLA, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until such time as the disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.