[667 NYS2d 49]

In the Matter of CHARLES H. DOWNING, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 30, 1997

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Charles H. Downing, was admitted to the practice of law in the State of New York by the First Judicial

Department on August 7, 1995. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law, until further order of the Court, based upon his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct and other uncontroverted evidence of professional misconduct.

Respondent's alleged lack of cooperation with the Committee, as well as his alleged misconduct, pertain to two pending complaints against him. Respondent's client, Josette Loredo, complained that respondent had failed to return her checks totaling $3,900 which he was instructed to hold in escrow pending resolution of a landlord-tenant matter. Loredo has been unable to contact or locate respondent. She supplied the Committee with copies of the cancelled checks signed by respondent.

Another former client, John Joseph, complained to the Committee that, although he paid respondent a $450 retainer fee in December 1995 to represent him in a divorce action, respondent had failed to complete the divorce action. Joseph is unable to contact or locate respondent and he has not received a refund of his retainer fee.

In August 1997, after the Committee was unsuccessful in its attempts to contact respondent regarding these complaints at his last known business address, his last known home address, and his post office box, the Committee moved, pursuant to Judiciary Law § 90 (6), for an order permitting service of the instant notice of motion by publication to respondent. This motion was granted by an order entered September 11, 1997 and the notice of motion was published in the New York Law Journal on September 19, 1997.

Pursuant to its investigation of the Loredo complaint, the Committee subpoenaed respondent's Emigrant Savings Bank checking account. Respondent's bank statement indicates that respondent deposited Laredo's $3,162.12 escrow check into his checking account on or about March 5, 1996, yet allowed the balance in his account to drop to $379.94 by the end of the month. His checking account balance was zero for the next four months. The Committee maintains that these bank records provide uncontested evidence that respondent did not maintain or preserve Laredo's escrow funds.

We find respondent's failure to cooperate with the Committee is well documented and undisputed. Respondent has failed altogether to respond to the complaints against him and it appears he has disappeared. Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137). Additionally, the cancelled checks provided by Loredo and the bank records subpoenaed by the Committee demonstrate that respondent has failed to preserve escrow funds, which constitutes serious professional misconduct.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) is granted. Respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

MURPHY, P. J., SULLIVAN, TOM, MAZZARELLI and COLABELLA, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.