[670 NYS2d 179]

In the Matter of JOSEPH T. DENICOLA (Admitted as JOSEPH THEODORE DENICOLA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 10, 1998

### APPEARANCES OF COUNSEL

*Clarence Smith, Jr.,* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on December 12,1966. At all times relevant to this proceeding, respondent

maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with this Committee in its investigation.

The Committee's motion is based upon respondent's lack of cooperation in the Committee's investigation into a complaint filed against him on March 24, 1997 by an attorney on behalf of her client, a 90-year-old woman who is legally blind. The complaint alleged that respondent improperly prepared the client's will by naming himself as the residuary beneficiary of her estate and also naming himself a beneficiary of a trust created on behalf of the testator without her knowledge or consent. The will has since been replaced by a will that complies with the testator's wishes.

A copy of the complaint was mailed to respondent on April 28, 1997 and respondent failed to respond. On June 25, 1997, the complaint was sent to respondent by regular and certified mail, return receipt requested. The return receipt was signed, but respondent failed to respond. On August 14, 1997, the Committee sent a third letter to respondent by certified mail, return receipt requested, advising him to answer the complaint and informing him of the consequences of his failure or refusal to cooperate with the Committee's investigation. This time, the receipt was not returned and the Committee did not hear from respondent.

On August 26, 1997, a staff investigator visited respondent's last known address, a brownstone building at 55 Greenwich Avenue, for the purpose of serving him with a judicial subpoena duces tecum requiring that he appear before the Committee on September 10, 1997. The investigator rang respondent's apartment door and received no response. He then taped his business card to the door with a handwritten message requesting that respondent call the Committee, but never received a response.

On September 10, 1997, the investigator learned from the Office of Court Administration that respondent listed 55 Greenwich Avenue as his home address. The records of the Committee on Character and Fitness also list this address. Having learned that respondent is also admitted in Michigan, the investigator called the Michigan State Bar and was informed that respondent was currently on the inactive list

and his listed address was 55 Greenwich Avenue. The investigator returned to that address on October 20, 1997 to serve a subpoena requiring respondent's appearance before the Committee on October 29, 1997. Inasmuch as the investigator could not gain access to the foyer, he fixed the subpoena marked "Personal and Confidential" to the entrance door and mailed a copy to respondent. As before, there was no response from respondent.

The instant motion was served by mail on respondent on November 25, 1997 and again he has failed to respond.

Despite the evidence demonstrating the Committee's due diligence in attempting to obtain a response from respondent to the complaint filed against him and the letter advising him that his failure to reply to the complaint is grounds for his suspension, respondent has failed altogether to contact the Committee. Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 186; *Matter of Valdes*, 160 AD2d 31.)

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted and respondent suspended from the practice of law, effective immediately, until such time as the disciplinary proceeding pending before the Committee has been concluded, and until further order of this Court.

SULLIVAN, J. P., ROSENBERGER, NARDELLI, WILLIAMS and ANDRIAS, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, until the disciplinary proceeding pending before the Committee has been concluded, and until the further order of this Court.