[672 NYS2d 292]

In the Matter of WILLIAM J. O'HARA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 26, 1998

### APPEARANCES OF COUNSEL

*Clarence Smith, Jr.,* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, William J. O'Hara, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 4, 1946. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On April 25, 1997, James D. Ross filed a complaint against respondent with the Departmental Disciplinary Committee. The complaint alleged that respondent, acting as an officer and director of Palm Tree Management Corporation, had placed certain investors' funds in an escrow account, but had refused to return the funds when financing for the venture could not be completed within the terms and conditions of the investment agreement. Ross was one of the aggrieved investors. The complaint was forwarded to respondent on May 21, 1997, requesting an answer.

From May to November of 1997, the Committee made numerous unsuccessful attempts to obtain a response. It left several phone messages and sent four certified letters, one of which contained a subpoena. To date, respondent has not responded to this complaint, has failed to appear before the Committee pursuant to the Court's subpoena, and has otherwise refused to cooperate with the Committee's investigation. Respondent has also failed to file his attorney registration statement with the Office of Court Administration.

The Committee now seeks an order suspending respondent from the practice of law during the pendency of these disciplinary proceedings, pursuant to 22 NYCRR 603.4 (e) (1) (i). Respondent has not appeared in this proceeding.

Section 603.4 (e) (1) (i) provides that an attorney who is the subject of an investigation by the Committee may be suspended, pending consideration of the charges against him, if he has failed to submit an answer to the petition or to comply with the Committee's lawful demands in connection with the investigation.

Respondent's failure to cooperate with the Committee is well documented and undisputed. Respondent has failed altogether to answer the complaint against him and he has disobeyed the Committee's commands to appear before the Committee despite being subpoenaed. Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 186).

Accordingly, the Committee's petition is granted, and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

LERNER, P. J., SULLIVAN, ROSENBERGER, NARDELLI and ANDRIAS, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.