[678 NYS2d 101]

In the Matter of RICHARD B. WEIL (Admitted as RICHARD BARRY WEIL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 1, 1998

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Richard B. Weil, was admitted to the practice of

law in New York by the First Judicial Department on April 13, 1970, as Richard Barry Weil. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In November 1997, the Departmental Disciplinary Committee (the Committee) received a complaint from Russell M. Finestein, Esq., against respondent in which he alleged that respondent had knowingly misappropriated attorney trust account funds located in New Jersey and had been temporarily suspended from practice in New Jersey.

On or about February 6, 1998, the Committee sent a copy of the Finestein complaint to respondent at his office address with a cover letter directing him to answer the complaint within 20 days. Respondent was also asked to explain his failure to report his New Jersey suspension. Since respondent did not answer the complaint and was not at his New York office through February and early March 1998, the Committee's investigator made a concerted effort to locate respondent and have him respond to the Committee's inquiries.

Finally, on March 10, 1998, the Committee served respondent with a judicial subpoena duces tecum requiring his personal appearance before the Committee on March 24, 1998. Respondent failed to appear or otherwise contact the Committee even though the Committee verified that respondent still received mail at his New York office.

22 NYCRR 603.4 (e) (1) provides, in pertinent part, that "[a]n attorney who is the subject of an investigation, or of charges * * * [for] professional misconduct * * * may be suspended from the practice of law pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest." Such finding may be based upon: "(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any * * * disciplinary proceeding" (ibid.).

Committee staff asserts that respondent should be suspended because his failure to cooperate with the Committee, by thwarting every effort by the Committee to investigate the charges leveled against him, evinces "a shocking disregard for the judicial system, and can only be interpreted as a deliberate

and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137.)

We agree, particularly in light of the fact that respondent has been temporarily suspended by the New Jersey Supreme Court since October 1995 (apparently for his failure to cooperate in an investigation of the same matter) without notifying this jurisdiction. Accordingly, respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters pending before the Committee have been concluded and until the further order of this Court.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Motion granted, and respondent suspended from the practice of law, effective immediately, pending the conclusion of all disciplinary proceedings, and until the further order of this Court.