330

[685 NYS2d 187]

In the Matter of STANLEY ZUCKER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 9, 1999

**APPEARANCES OF COUNSEL**

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the New York Bar at the Appellate Division, First Judicial Department, in 1936, and has

practiced law within this Department at all relevant times since then.

In April 1997, petitioner received a complaint from a client alleging that respondent had neglected her late husband's estate and had failed to return the file, despite numerous requests. Respondent answered that all that remained to be done on the case was the filing of two deeds. Investigation revealed that although these deeds had been prepared and executed in 1993, no attempt had been made to record them until 1997. In August of that year, respondent acknowledged his neglect in a deposition and promised that the necessary filing would be done "as soon as possible." By March 25, 1998, with the filing still not accomplished, petitioner issued a formal Letter of Admonition, warning respondent that failure to record the deeds within 10 days could result in further disciplinary action.

Respondent was deposed by petitioner in May 1998, and failed to provide a reason why he had still not recorded the deeds. Since then, respondent has continued to ignore this obligation, despite several more letters warning of further disciplinary action. In addition, respondent has failed to appear again before petitioner in response to a judicial subpoena, despite several adjournments granted at his request. In its latest communication, on October 29, 1998, petitioner advised respondent that it would move for his immediate suspension. This proceeding was initiated in November. There has been no response.

Section 603.4 (e) (1) of the Rules of this Court (22 NYCRR) provides that an attorney who is the subject of an investigation or charges of professional misconduct may be suspended from practice pending further consideration of the charges, upon a preliminary finding that the attorney is guilty of such misconduct immediately threatening the public interest. Such a finding may be based upon failure to cooperate with a Departmental Disciplinary Committee investigation, a substantial admission of professional misconduct under oath, or other uncontested evidence of professional misconduct. Petitioner cites all three as bases for the remedy sought.

Petitioner has been quite generous in affording respondent an opportunity to rectify his failures, perhaps in recognition of his 60-plus years before the Bar. However, his admission of neglect, amounting to uncontested evidence of professional misconduct, together with his failure to abide by petitioner's directives, demonstrate that respondent's continued practice of

law threatens the public interest. Furthermore, his repeated failure to cooperate with petitioner's investigation, including refusal to honor a subpoena, shows disregard for the judicial system (*Matter of Valdes*, 160 AD2d 31), and warrants immediate suspension.

Accordingly, petitioner's motion should be granted. Respondent should be suspended from the practice of law immediately, and until further order of this Court.

ROSENBERGER, J. P., WALLACH, RUBIN, TOM and ANDRIAS, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until the further order of this Court.