[651 NYS2d 458]

In the Matter of IMAN A. ABDALLAH (Admitted as IMAN AL-AMIN ABDALLAH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 19, 1996

#### APPEARANCES OF COUNSEL

*Clarence Smith, Jr.,* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Iman A. Abdallah was admitted, as Iman Al-Amin Abdallah, to the practice of law in the State of New

York by the First Judicial Department on July 16, 1990. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv) immediately suspending respondent from the practice of law until further order of this Court due to his willful failure to cooperate with the Committee in its investigation and his willful failure to pay money to his client, which debt is demonstrated by a judgment.

In support, petitioner has shown that respondent has failed to pay a Civil Court judgment in the amount of $4,170.34, obtained by his client, Dr. A.M. Khavari. This amount represented a retainer which Dr. Khavari had paid to respondent in anticipation that respondent would perform certain legal services which respondent failed to perform. The Committee also showed that respondent was notified of his obligation to pay this debt a number of times, that he was served with a letter of admonition for his failure to pay the debt, that he failed to respond to the Committee's attempts to set up a meeting regarding his obligation to pay the debt and that he twice failed to appear in response to subpoenas issued by this Court ordering him to appear before the Committee.

The Committee also showed that respondent has thwarted its investigation into three other complaints filed against him regarding his alleged failure to perform legal services as to which he had accepted retainers. The Committee also showed that, as to the complaint filed by respondent's client, Axel Gothe, respondent failed to return Gothe's file after Gothe had retained other counsel and requested transfer of the file and after the Committee had several times directed respondent to return the file.

As to all the matters pending against him, respondent has failed to respond to efforts by the Committee to contact him in an attempt to resolve the complaints.

22 NYCRR 603.4 (e) (1) provides:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of

the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) * * * the attorney's failure * * * to comply with any lawful demand of * * * the Departmental Disciplinary Committee made in connection with any investigation * * *

"(iv) the attorney's willful failure or refusal to pay money owed to a client, which debt is demonstrated by * * * a judgment."

In this matter, the Committee has clearly demonstrated that respondent has willfully failed to pay his client a debt demonstrated by a judgment, in itself enough to warrant a suspension from the practice of law. Moreover, the Committee has also shown that respondent's repeated failure to respond to the Committee's attempts to investigate and resolve these matters "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137).

Under these circumstances, we find that the Committee's petition for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv) should be granted. Wherefore, respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

ELLERIN, J. P., WALLACH, WILLIAMS, TOM and ANDRIAS, JJ., concur.

Respondent is suspended from the practice of law in the State of New York, effective December 19, 1996, until such time as the disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.