[660 NYS2d 18]

In the Matter of FRANTZ POYAU, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 3, 1997

### APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Frantz Poyau was admitted to the practice of law in the State of New York by the First Judicial Department on February 1, 1988. At all times relevant to this proceeding,

respondent has maintained an office for the practice of law within the First Judicial Department.

By motion dated April 28, 1997, the Departmental Disciplinary Committee (Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct.

The Committee commenced an investigation into respondent's professional conduct in October 1996 after receiving a complaint against him from Conrad McPherson. McPherson stated that he obtained a $4,000 money judgment against respondent in January 1996, and that respondent has not satisfied the judgment despite receiving notice of it. On December 2, 1996, the Committee forwarded McPherson's complaint to respondent but received no response. On January 15, 1997, the Committee sent a second letter to respondent, by regular mail and certified mail, return receipt requested. The letter advised respondent that section 603.4 (e) (1) (i) authorized the suspension of attorneys for failing to cooperate with the Committee's investigation, and directed him to respond within 10 days. The Committee's motion papers do not state whether the return receipt was ever received. Respondent did not answer this second letter.

By affidavit dated April 24, 1997, attached to the Committee's papers, a Committee investigator stated that he contacted respondent by telephone on January 30, 1997, and that respondent denied receiving either of the letters sent by the Committee. Consequently, on January 31, 1997, the Committee forwarded the McPherson complaint to respondent for a third time, giving him 30 days to file an answer. Respondent did not answer this letter, or a final letter sent on March 5, 1997 which directed him to respond by March 17, 1997. The Committee investigator's two follow-up calls on March 25th and March 27th went unreturned, and respondent has still not filed an answer.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending the consideration of charges of professional misconduct upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon: "[T]he attorney's default in responding to the * * * notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with

any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]).

The Committee has amply demonstrated respondent's failure to cooperate with its investigation evincing " 'a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation' " (*Matter of Abdallah*, 227 AD2d 37, 39, quoting *Matter of Gordon*, 142 AD2d 135, 137).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) is granted, and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

MILONAS, J. P., ELLERIN, NARDELLI, WILLIAMS and MAZZARELLI, JJ., concur.

Application granted, and respondent suspended from the practice of law in the State of New York, effective July 3, 1997, and until such time as disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.