[652 NYS2d 21]

In the Matter of ALAN S. ADOLPH (Admitted as ALAN SETH ADOLPH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 14, 1997

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Alan S. Adolph, was admitted to the practice of law in the State of New York by the Fourth Judicial Department on February 28, 1974, as Alan Seth Adolph. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated July 8, 1996, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with this Committee in its investigation. The Committee also seeks an order directing respondent to make restitution to Deborah M. Pawlik in the amount of $5,745.73 pursuant to Judiciary Law § 90 (6-a).

The Committee's motion is based upon respondent's lack of cooperation in the Committee's investigation into a complaint filed by Pawlik on or about September 18, 1995. The Pawlik complaint alleges, *inter alia*, that in June 1993, respondent lost a certified check totaling $188,438.68 held by him for Pawlik's benefit, and, thereafter, failed to advise Pawlik that he had lost the check. Pawlik's subsequent counsel discovered the loss and arranged for a new check to be issued to Pawlik in September 1994. The Pawlik complaint also alleges that respondent failed to provide a full accounting for an additional $26,500, representing a down payment for real estate which Pawlik gave respondent to hold in escrow; that respondent failed to promptly remit to Pawlik $5,745.73, which respondent owed Pawlik from the $26,500; and, that respondent refused to respond to repeated demands by Pawlik to provide a full accounting and to remit Pawlik's funds.

A copy of Pawlik's complaint was sent to respondent on September 28, 1995, along with a letter requesting an answer. An additional letter was sent on this date advising respondent of his failure to file a proper registration statement with the Chief Administrator of the Courts and directing him to register with the Court and submit proof of registration. Respondent did not respond to these letters.

By a certified letter (return receipt requested) dated October 30, 1995, the Committee advised respondent that his continued failure to respond to the Committee would result in the Committee moving for his suspension pursuant to 22 NYCRR 603.4 (e) (1) (i). Respondent did not reply to this letter.

Finally, by letter dated May 9, 1996, the Committee afforded respondent a final opportunity to rectify his previous failure to cooperate and to avoid a formal motion to the Appellate Division. Again, respondent did not respond.

The Committee's motion was served by mail at respondent's last known address on July 8, 1996. The Committee's notice of motion to suspend specifically states, pursuant to 22 NYCRR 603.4 (g), that an attorney who is suspended and has not ap-

peared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice.

To date, respondent has not interposed a response to this motion.

22 NYCRR 603.4 (e) (1) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding".

Although more than a year has passed since Pawlik's complaint was sent to respondent, he has failed altogether to answer the complaint against him despite being offered many opportunities to do so. Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 186; *Matter of Valdes*, 160 AD2d 31).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) is granted and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

However, respondent's failure to cooperate with the Committee is not a proper basis for ordering that he make restitution to Ms. Pawlik. As this Court recently stated in context of a motion to suspend the respondent for his failure to cooperate with the Committee's investigation, "Restitution cannot, however, be directed in the absence of a finding that respondent will-

fully misappropriated or misapplied money. (Judiciary Law § 90 [6-a].)" *(Matter of Zukowski*, 225 AD2d 1, 2.) Accordingly, that portion of petitioner's motion seeking an order directing respondent to make restitution to Pawlik pursuant to Judiciary Law § 90 (6-a) is denied at this time.

ROSENBERGER, J. P., ELLERIN, NARDELLI, MAZZARELLI and ANDRIAS, JJ., concur.

Respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court. That portion of the motion seeking an order directing respondent to make restitution is denied at this time.