[683 NYS2d 256]

In the Matter of ALAN S. ADOLPH (Admitted as ALAN SETH ADOLPH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 14, 1999

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Alan S. Adolph, Esq., was admitted as an attorney and counselor-at-law in the State of New York by the

Appellate Division, Fourth Judicial Department, on February 28, 1974. At all times hereafter relevant, respondent maintained an office for the practice of law within the First Judicial Department.

In a prior order and decision entered on January 14, 1997 (*see, Matter of Adolph*, 229 AD2d 97), respondent was indefinitely suspended from the practice of law based upon his failure to cooperate with the Departmental Disciplinary Committee's investigation into the complaint which ultimately resulted in the charges and hearing discussed herein. Subsequently, upon respondent's cooperation with the Committee, he was reinstated to the practice of law on April 22, 1997 (238 AD2d 257).

Respondent was charged with professional misconduct in connection with his legal client Deborah Pawlik. Count 1 charged respondent with violating Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3), by failing to advise Pawlik either that he had lost a check belonging to her or that funds belonging to her had been unintentionally depleted from his client escrow account. Count 2 charged respondent with failing to preserve the identity of client funds, in violation of DR 9-102 (A) and (B) (22 NYCRR 1200.46). Count 3 charged respondent with failing to promptly return funds belonging to a client, in violation of DR 9-102 (C). Finally, Count 4 charged respondent with conduct which adversely reflects upon his fitness to practice law, in violation of DR 1-102 (A) (8).

After a hearing, the Hearing Panel sustained Counts 2, 3 and 4 and dismissed Count 1. The Panel recommended that respondent be suspended from the practice of law for three months.

We note that the Hearing Panel in its report noted in aggravation respondent's disciplinary history of two prior letters of admonition issued in October 1992. In recommending this three-month suspension, the Panel took into account that respondent had already been suspended for three months, bringing the total suspension to six months.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (d) confirming the Panel report and recommendation. We confirm the findings of fact and conclusions of law made by the Hearing Panel, as well as the recommended sanction.

Accordingly, the Departmental Disciplinary Committee's motion should be granted and respondent should be suspended from the practice of law for three months.

Rosenberger, J. P., Ellerin, Nardelli, Mazzarelli and Andrias, JJ., concur.

Petition granted, and the Hearing Panel's findings of fact and conclusions of law, as well as the recommended sanction, are confirmed, and respondent suspended from the practice of law as an attorney and counselor-at-law in the State of New York for a period of three months, all effective February 16, 1999.