[655 NYS2d 516]

In the Matter of LORENZO A. DELUCA, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 8, 1997

## APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lorenzo A. Deluca,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Lorenzo A. Deluca was admitted to the practice of law in the State of New York by the First Judicial Department on January 26, 1976. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered October 14, 1993 (193 AD2d 208), respondent was suspended from the practice of law on an interim basis pending the conclusion of this disciplinary proceeding, pursuant to 22 NYCRR 603.4 (e) (1) (i), based upon his willful failure to cooperate with the Departmental Disciplinary Committee's investigation of two complaints.

Petitioner Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming certain findings and conclusions of the Hearing Panel and recommending that respondent be suspended for 30 months, to relate back to the date he was initially suspended on an interim basis. The Hearing Panel dismissed the charges as to one of the original complaints but sustained two supplemental charges that were filed in regard to the second original complaint, i.e., that respondent had failed to keep certain escrowed funds in a separate account in his name, or in the name of a law firm in which he was then a member or employee, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46), and that he failed to keep financial records pertaining to the escrowed money for seven years, as required by DR 9-102 (D) and (I). The Hearing Panel also sustained charges arising out of respondent's willful failure to cooperate with the Committee's investigation, i.e., that by failing to submit answers to inquiries concerning the complaints filed against him, and by failing and refusing to provide materials to the Committee pursuant to subpoena, respondent had thwarted the Committee's investigation of said complaints and engaged in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3), that by failing to file an affidavit of compliance with the Clerk of this Court or to serve an affidavit of compliance with the Committee, in violation of 22 NYCRR 603.13 and the order of this Court, respondent engaged in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5), and that respondent's conduct, as described in the other charges, reflects adversely on his fitness to practice law in violation of DR 1-102 (A) (7) (now [8]).

First, we find that the Panel's findings of fact and its decision to sustain the five charges against respondent are amply supported by evidence in the record. Moreover, we find that, while the charges against respondent were serious, in light of the lack of any evidence of venality, and the mitigating circumstance that respondent's failure to properly attend to his practice and to his obligation to answer the charges against him and cooperate with the Committee were during a period when his wife was suffering from terminal illness, we find that the period of suspension was appropriate. Furthermore, in light of these mitigating circumstances and since respondent has, as a practical matter, already been suspended from the practice of law for longer than the 30-month period set forth as penalty, we find that he should be reinstated to the practice of law, effective immediately, without further proceedings.

MILONAS, J. P., ROSENBERGER, ELLERIN, WALLACH and MAZZARELLI, JJ., concur.

Application granted, the Hearing Panel's findings, conclusions and recommendation confirmed, and respondent reinstated as an attorney and counselor-at-law in the State of New York, without further proceedings, effective immediately.