[660 NYS2d 2]

In the Matter of ALAN A. HERMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 1, 1997

#### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Alan A. Herman was admitted to the practice of law in the State of New York by the First Judicial Department

on February 11, 1974, and at all times relevant to this proceeding he has maintained an office for the practice of law in the First Judicial Department.

By motion dated May 1, 1997, the Departmental Disciplinary Committee (the Committee) seeks an order immediately suspending respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), until further order of the Court, as a result of his willful failure to cooperate with the Committee in its present investigation.

Upon receiving a report from the Lawyers' Fund for Client Protection that two checks drawn against respondent's attorney trust account were dishonored (22 NYCRR part 1300), the Committee forwarded the report to respondent on May 15, 1996, requesting an explanation as well as copies of the relevant bookkeeping records (Code of Professional Responsibility DR 9-102 [D] [1], [2], [8] [22 NYCRR 1200.46 (d) (1), (2), (8)]) within 20 days. The letter also advised respondent that a failure to respond in writing could be deemed an independent act of professional misconduct. Respondent failed to respond. On or about May 28, 1996, the Committee received a second report from the Lawyer's Fund for Client Protection that another check drawn against respondent's attorney trust account had been dishonored. By letter dated June 13, 1996, this second report was forwarded to respondent, and a response within 20 days was requested. By letter also dated June 13, 1996, the Committee again requested a response to the first report. By voice mail on June 14, 1996, respondent requested a two-week extension to respond, which was granted. Respondent again failed to respond. On August 12, 1996, the Committee, directing him to respond within 10 days, advised respondent that his failure to respond would expose him to disciplinary charges. Respondent failed to timely respond, but in an August 30, 1996 telephone call initiated by the Committee, he promised to provide the records the following week. Respondent again failed to respond. On October 11, 1996, the Committee requested respondent to contact staff counsel, and by voice mail on November 6, 1996, staff counsel notified respondent that a formal suspension motion would be filed the following day. Respondent again failed to respond to this as well as to a February 3, 1997 letter.

Respondent's failure to comply with the Committee's lawful demands in connection with the investigation (22 NYCRR 603.4 [e] [1] [i]) evinces a "shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt

to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137).

Accordingly, the Committee's motion is granted and respondent is suspended from the practice of law until further order of this Court.

MURPHY, P. J., WALLACH, RUBIN, TOM and ANDRIAS, JJ., concur.

Application granted to the extent of suspending respondent from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until the further order of this Court.