[670 NYS2d 450]

In the Matter of ALAN A. HERMAN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 24, 1998

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Alan A. Herman was admitted to the practice of law in the State of New York by the First Judicial Department on February 11, 1974. At all times relevant to this proceeding,

respondent maintained an office for the practice of law within the First Judicial Department.

Upon receiving a report from the Lawyers' Fund for Client Protection indicating that two checks drawn against respondent's attorney trust account were dishonored, the Departmental Disciplinary Committee (DDC) forwarded the report to respondent on May 15, 1996 requesting an explanation as well as copies of the relevant bookkeeping records pursuant to Code of Professional Responsibility DR 9-102 (D) (1), (2) and (8) (22 NYCRR 1200.46) within 20 days. That letter advised respondent that a failure to respond in writing could be deemed an independent act of professional misconduct. Respondent failed to respond. Upon receipt of another report that another check had been dishonored, DDC again wrote to respondent on June 13, 1996, providing the same information and warning, and advising respondent that a response to the first letter had not been received. Again, respondent failed to respond. DDC contacted respondent again on August 12, 1996, directing him to respond within 10 days, and advising him that a failure to respond would subject him to disciplinary charges. Although respondent failed to timely respond, he did answer a telephone call from DDC on August 30, 1996, and promised to respond in writing the following week. He failed to do so. After additional unsuccessful attempts to get respondent to respond, DDC moved to suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i). DDC's notice of motion to respondent specifically informed him that an attorney who has been suspended but has not appeared or applied in writing to DDC or to the Court for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred without further notice (22 NYCRR 603.4 [g]). By order entered July 1, 1997 (231 AD2d 254), this Court granted the motion and suspended respondent from the practice of law until further order of this Court.

DDC now moves for an order disbarring respondent from the practice of law pursuant to 22 NYCRR 603.4 (g) on the basis that he has been suspended without appearing or applying in writing to DDC or the Court for a period exceeding six months after the date of the order of suspension. Respondent has not responded to this motion. In view of the foregoing, the motion is granted, respondent is disbarred (*Matter of Gutstein*, 219 AD2d 330; *Matter of Reilly*, 219 AD2d 96) and his name is stricken from the roll of attorneys, effective immediately.

SULLIVAN, J. P., WALLACH, RUBIN, TOM and ANDRIAS, JJ., concur.

Motion granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, all effective immediately.