[667 NYS2d 738]

In the Matter of WILSON S. HURD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 15, 1998

**APPEARANCES OF COUNSEL**

*Clarence Smith, Jr.,* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on December 23, 1968. At all times relevant to this proceeding, respondent

maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of the Court, based upon his willful failure to cooperate with the Committee in its investigation.

The Committee's motion is based upon respondent's lack of cooperation in its investigation into a complaint filed against him on September 9, 1996. The complaint alleged that respondent had abandoned two cases, a civil lawsuit and a Federal bankruptcy matter, for which he had been retained. A copy of the complaint was mailed to respondent on September 27, 1996, and respondent failed to respond. On October 30, 1996, the complaint was sent to respondent by regular and certified mail, return receipt requested, and he failed to respond. The return receipt was signed by an individual whose signature is illegible.

On February 19, 1997, the Committee sent a third letter to respondent by certified mail, return receipt requested, advising him to answer the complaint and informing him of the consequences of his failure or refusal to cooperate with the Committee's investigation. Again, the receipt was signed by an individual whose signature is illegible.

Meanwhile, since February 1997, the Committee has received five additional complaints against respondent alleging that respondent has neglected the complainants' legal matters and that they also have been unable to locate him.

In April 1997, the Committee learned from the Office of Court Administration (OCA) that respondent listed 1040 First Avenue, Suite 325, New York, New York, as both his business address and his residence. This address, however, belongs to Mailboxes Etc., a private company which leases post office boxes for a fee. Thus, although respondent's address includes a suite number, it is actually not an office. Subsequently, a staff investigator spoke to a company representative who informed him that respondent continued to receive mail from one of their mailboxes. On June 23, 1997, the investigator checked the New York State Department of Motor Vehicles records and discovered that the only address listed for respondent was the one he listed with OCA. Additionally, a representative of Mailboxes advised the investigator, on August 1, 1997, that respondent had retrieved mail from his mailbox approximately three weeks prior to the investigator's July 28th inquiry. The

representative also informed the investigator that respondent was told that it was time for him to renew his membership. On September 24, 1997, the investigator was advised that respondent had recently renewed his membership with the company.

The instant motion was served by mail on respondent on October 10, 1997 and he has failed to respond.

Despite evidence that respondent has repeatedly retrieved the Committee's letters, which have advised him that his failure to reply to the complaint is grounds for his suspension, respondent has failed altogether to contact the Committee. Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 186; *Matter of Valdes*, 160 AD2d 31).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) is granted and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

SULLIVAN, J. P., WILLIAMS, MAZZARELLI, ANDRIAS and COLABELLA, JJ., concur.

Respondent is suspended from the practice of law in the State of New York, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.