[678 NYS2d 631]

In the Matter of WILSON S. HURD, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 15, 1998

## APPEARANCES OF COUNSEL

*Clarence Smith, Jr.,* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York by the First Judicial Department on December 23, 1968. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated October 10, 1997, the Departmental Disciplinary Committee sought an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with the Committee in its investigation. That motion was granted by an order entered January 15, 1998 (239 AD2d 62).

The Committee's notice of motion to suspend specifically stated, pursuant to 22 NYCRR 603.4 (g), that an attorney who is suspended and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred without further notice.

By motion dated August 10, 1998, the Committee now moves for an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), on the grounds that respondent has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the date of the order of suspension.

Accordingly, in light of the foregoing and inasmuch as more than six months has elapsed since the date of this Court's January 15, 1998 order suspending respondent and he has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement in accordance with 22 NYCRR 603.4 (g), the motion for an order disbarring respondent in accordance with 22 NYCRR 603.4 (g) should be granted.

SULLIVAN, J. P., ELLERIN, WILLIAMS, MAZZARELLI and ANDRIAS, JJ., concur.

Motion granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, all effective October 15, 1998.