[664 NYS2d 34]

In the Matter of GEOFFREY WRIGHT (Admitted as GEOFFREY D. S. WRIGHT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 1997

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Geoffrey Wright was admitted to the practice of law in the State of New York by the First Judicial Department

on June 19, 1978, as Geoffrey D. S. Wright. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order immediately suspending respondent from the practice of law until further order of this Court for his willful failure to cooperate in the Committee's investigation (22 NYCRR 603.4 [e] [1] [i]) regarding a complaint filed by Owen Wright in September 1992. The complainant alleged that respondent had been retained by him in May 1989, and paid $1,000 in connection therewith, to handle the complainant's uncontested divorce, but that no steps had been taken by respondent.

Although the complaint was dismissed by the Committee on the basis that the complainant had not paid the filing fee for the divorce, it was reinstated in January 1994 upon the complainant's payment of the filing fee. In its post-investigative Letter of Admonition dated November 30, 1994, respondent was directed to either obtain the divorce or to withdraw from the matter and refund the filing fee. When complainant's wife notified the Committee in March 1996 that the divorce had not been obtained, the complaint was reactivated. The Committee, which also was investigating respondent for an unrelated matter, notified respondent that his scheduled deposition would also address this inaction. At the January 27, 1997 deposition, respondent was directed verbally, and subsequently by written notice, to comply with the directive in the Letter of Admonition. By letter dated April 7, 1997, staff counsel requested respondent's submission of an affidavit by April 30, 1997, setting forth his efforts to satisfy this outstanding obligation. Despite staff counsel's subsequent written communication, and an unsuccessful attempt to contact him by telephone, respondent, who also failed to comply with a judicial subpoena requiring his appearance on June 19, 1997, remained unresponsive. The Committee filed its own complaint on June 25, 1997, notifying him that failure to respond could result in the Committee's motion to suspend him from practice, but respondent failed to respond within the 20-day response period or to a second complaint letter, sent by certified mail on July 29, 1997, or thereafter. Although the complainant apparently had obtained his own divorce, acting *pro se*, respondent has continued to fail to contact the Committee. Despite being served, on or about September 2, 1997, with the present motion, respondent has failed to appear in this proceeding.

Respondent's failure to respond to the petition, or notices, or to comply with lawful judicial or Committee demands in con-

nection with this investigation, taken individually, support a finding of professional misconduct for which an interim suspension is a valid sanction (22 NYCRR 603.4 [e] [1] [i]). Respondent's cumulative failures in this regard "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137).

Accordingly, the motion is granted, and respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters pending before the Committee have been concluded and until further order of this Court.

ELLERIN, J. P., RUBIN, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, until such time as the disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of the Court. [*See*, ___ AD2d ___, Dec. 3, 1997.]