[— NYS2d —]

In the Matter of GEOFFREY WRIGHT (Admitted as GEOFFREY D.S. WRIGHT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 10, 1998

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Geoffrey Wright was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1978, as Geoffrey D.S. Wright. At all times rele-

vant to this proceeding, respondent maintained an office for the practice of law within the First Department.

By order entered November 13, 1997 (236 AD2d 8), this Court suspended respondent on an interim basis (22 NYCRR 603.4 [e] [1] [i]) as a consequence of his failure to cooperate with an investigation by the Departmental Disciplinary Committee (DDC) into a complaint that respondent had neglected a matter. When respondent cooperated with the DDC investigation, the interim suspension was stayed by order entered December 3, 1997 (245 AD2d 17), pending the outcome of the investigation. The matter was referred to a Special Referee to hear and report on the complaint on or before December 19, 1997.

We now have the benefit of the completed investigation and the Special Referee's findings of fact and conclusions of law, upon which he recommended that respondent be publicly censured. The Special Referee's report, which we confirm in part, but disaffirm to the extent that we dismiss Charge Two as being duplicative of Charge Three, indicates that the complaint to DDC arose from respondent's 1989 retention by a client to represent him in a custody dispute with the client's wife and subsequently in the uncontested divorce. After respondent prepared and served the divorce complaint, the client and his wife reached a settlement agreement, which respondent also drafted, and which the parties signed. As a result, respondent agreed to waive his fee on condition that the client pay the $270 court costs already expended. This was not paid at that time, and the respondent took no further action.

In the fall of 1992, the client filed a complaint with DDC in connection with respondent's failure to secure the divorce decree. Insofar as the client had failed to pay the costs, the complaint was dismissed. In March 1993, the client forwarded a check to respondent for $270. Respondent prepared additional documents necessary to complete the divorce, and informed the client that he could pick them up. The client failed to do so, and respondent failed to deliver them to the client. During the following year, respondent received, but ignored, several telephone calls from the client's wife inquiring about the status of the divorce. During the summer of 1994, DDC contacted respondent in connection with a new complaint alleging that he had neglected the divorce, which resulted in DDC's issuance of a Letter of Admonition in November 1994 directing respondent to complete the divorce or to withdraw from the matter and return $270 to the client.

During 1997, DDC requested information from respondent concerning the uncompleted divorce, to which respondent did not respond, and judicially subpoenaed him, to which he also was unresponsive. DDC then, *sua sponte*, commenced an investigation into respondent's failure to cooperate with the initial investigation. In the meantime, the client had finalized his divorce through his own efforts. Respondent's continued nonresponsiveness resulted in DDC's October 6, 1997 suspension motion, to which respondent also did not respond. Subsequently, respondent wrote to the client, apologized, and he enclosed a check for $300. He subsequently contacted DDC, admitted his neglect of the divorce matter as well as his failure to respond to DDC inquiries, and moved for, and received, a stay of the suspension order.

At the conclusion of the hearing, at which respondent produced character witnesses, the Special Referee found respondent's conduct to be aberrational and unlikely to recur, that respondent was well regarded in the community, which was underscored by respondent's recent election to Civil Court, but that respondent's conduct with regard to the former client, for whom respondent had developed a strong dislike, was unreasonable. The Special Referee also noted, though, that respondent had not been compensated for his work for the client; in fact, the matter cost respondent $300. The Special Referee found that respondent's failure to cooperate with DDC could not be excused. Nevertheless, the Special Referee noted that respondent had not thereby intended to willfully or intentionally flout the authority of DDC or of the Court, and that the conduct had not been obstructive.

We reject respondent's request that he be privately reprimanded rather than publicly sanctioned for his unresponsiveness to the Committee's investigation. Respondent neglected a matter over the course of several years, did not comply with an earlier admonition concerning his neglect, and repeatedly ignored the Committee's inquiries. We also agree with the Referee, who found respondent serious and contrite; that he had not acted venally with regard to the client matter; that this was a single occurrence of neglect; that his conduct was aberrational and unlikely to recur; and that the client was not irreparably harmed in that he eventually received the divorce.

Accordingly, we confirm in part the Special Referee's findings of fact and conclusions of law and the recommendation that respondent be publicly censured, disaffirming such to the extent of dismissing Charge Two, and herewith vacate our prior interim suspension order entered November 13, 1997.

ELLERIN, J. P., RUBIN, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Motion granted to the extent of confirming the report and recommendation of the Special Referee insofar as it sustains Charges One and Three and recommends public censure, and respondent is publicly censured. The cross motion to disaffirm is granted to the extent indicated. So much of the order of this Court entered herein on November 13, 1997 as suspended respondent, is recalled and vacated.