[673 NYS2d 414]

In the Matter of ALLEN B. GOTTLIEB (Admitted as ALLEN BRUCE GOTTLIEB), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 21, 1998

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Allen B. Gottlieb was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on March 16, 1966, as Allen Bruce Gottlieb. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) suspending respondent from the practice of law until further order of this Court due to his willful failure to cooperate with the Committee in its investigation of complaints against respondent concerning certain financial transactions involving client funds. In the alternative, the Committee seeks an order directing that, within 14 days of such order, respondent (1) appear for the continuation of his deposition relating to the investigation; (2) produce documents that he previously promised to produce for the Committee on October 6, 1997 and/or a list of documents withheld from such production on the ground of privilege; and (3) identify certain individuals and/or entities respondent describes as the investors in the various financial transactions that are the subject of the Committee's investigation.

Specifically, respondent has failed to cooperate in the Committee's investigation into two complaints that respondent induced certain individuals to invest in scam transactions; respondent in turn was paid substantial legal and related fees by these individuals, ranging from approximately $100,000 to more than $1 million. Four additional financial transactions are also being investigated. Despite respondent's initial appearance for a deposition and the accumulation of thousands of pages of documents with respect to one complaint, the Committee has not been able to obtain from respondent testimonial and documentary evidence that is essential to the proper conduct of the investigation.

Respondent's first deposition appearance took place in October 1996. Thereafter, there were repeated difficulties securing his attendance at its continuation, which did not take place until late September 1997. Respondent would not, however, disclose the identity of investors whom he had purportedly represented in the transactions at issue, and, by the end of the day, the deposition was not completed. The deposition was scheduled to resume two weeks later on October 15, 1997, but his counsel failed to provide the Committee with copies of documents promised by October 6, 1997, and, on October 14th, counsel advised the Committee staff that respondent would not appear because he had not received transcripts or tapes of the September session. This was followed by counsel's letter to the Committee staff accusing it of dishonesty and reiterating his position that respondent would not appear.

Thereafter, respondent was provided with a transcript of the September session, but respondent insisted he would not appear unless he received the tapes as well. At the same time, his counsel advised the staff that he would not produce the documents previously promised and again accused the staff of deceitful conduct. Despite the staff's attempt to arrange respondent's access to the tapes, neither respondent nor counsel pursued the staff's offer, and subpoenas issued for the documents were not honored. More difficulties of this nature followed, and neither respondent nor his counsel have contacted the Committee since November 29, 1997.

It is the Committee's position that, while creating the impression that he is cooperating with its investigation, in reality respondent has engaged in a series of tactics calculated to delay and thwart the investigation. As described above, his deposition has been rescheduled on numerous occasions, and each time, at the last minute, respondent has made demands or changed his terms of appearance and then failed to appear. He also has consistently failed to deliver documents promised to the Committee last October and to provide other information necessary to the investigation. His conduct in this regard "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 186, 188).

In view of respondent's conduct and his repeated failure to cooperate, despite numerous opportunities to do so, we conclude that the Committee's motion to suspend him from the practice of law forthwith is the appropriate sanction.

Accordingly, the petition seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of this Court should be granted.

MILONAS, J. P., NARDELLI, WALLACH, MAZZARELLI and ANDRIAS, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until the further order of this Court.