[688 NYS2d 540]

In the Matter of ALLEN B. GOTTLIEB (Admitted as ALLEN BRUCE GOTTLIEB), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 20, 1999

## APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York by the Second Judicial Department on March 16, 1966, as Allen Bruce Gottlieb. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By notice of petition dated December 30, 1997, the Departmental Disciplinary Committee sought an order pursuant to 22 NYCRR 603.4 (e) (1) (i), suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with the Committee in its investigation. The Committee's motion was based upon respondent's lack of cooperation in the Committee's investigation with respect to two complaints in which it was alleged that respondent induced individuals to invest in scam transactions and retained the so-called fees paid to him by his alleged victims. The Committee had been investigating claims that respondent defrauded these individuals of sums of money ranging from approximately $100,000 to $1,275,000. Respondent appeared for a deposition and provided the Committee with thousands of documents, but then failed to complete his deposition and provide documentary evidence essential to the Committee's ability to adequately conduct an investigation.

The Committee's notice of petition to suspend specifically advised respondent, pursuant to 22 NYCRR 603.4 (g), that an attorney who is suspended and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred without further notice. Respondent did not answer the petition seeking his suspension.

By order entered May 21, 1998, this Court granted the Committee's petition and suspended respondent from the practice of law until further order of this Court (242 AD2d 46).

By notice of motion dated December 21, 1998, the Committee now moves for an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), on the grounds that respondent has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the date of the order of suspension. More than six months have now elapsed since the date of this Court's May 21, 1998 order suspending respondent and he has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement.

Accordingly, in light of the foregoing, the instant motion seeking to disbar respondent pursuant to 22 NYCRR 603.4 (g)

should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective immediately.

ELLERIN, P. J., NARDELLI, WALLACH, MAZZARELLI and AN-DRIAS, JJ., concur.

Motion granted, respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.