[687 NYS2d 72]

In the Matter of PAUL D. GHINGER (Admitted as PAUL DAVID GHINGER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 23, 1999

**APPEARANCES OF COUNSEL**

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Paul D. Ghinger was admitted to the practice of law in the State of New York by the First Judicial Department on June 20, 1994, as Paul David Ghinger. At times relevant to

this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated December 31, 1998, the Departmental Disciplinary Committee (Committee) seeks an order suspending respondent from the practice of law until further order of this Court, due to his willful failure to cooperate with the Committee in its investigation into allegations of professional misconduct.

The Committee's motion is based on respondent's failure to provide the Committee with answers to three complaints filed by former clients. The gravamen of the three complaints is that respondent neglected legal matters entrusted to him and was unreachable when the complaining clients attempted to communicate with him. Two of the complaints further assert that respondent failed to earn or return advance legal fees paid to him.

Between January and March 1998 the Committee requested that respondent answer several of the complaints against him and, in a March 26, 1998 letter, respondent promised to do so. When no answers were forthcoming, the Committee advised respondent in November 1998 by telephone and letter that failure to answer the complaints within 10 days would result in a motion by the Committee to suspend him. On November 20, 1998, the Committee issued a subpoena duces tecum demanding respondent's appearance at the Committee, and production of his answers and case files on December 1, 1998. Respondent appeared at the Committee on that date, but without his answers or files. Respondent was deposed by Committee counsel, wherein he promised to answer each of the complaints. On December 10, 1998, respondent submitted answers to two of the five outstanding complaints, but has failed to answer the remaining three.

The Committee asserts that respondent should be suspended pursuant to 22 NYCRR 603.4 (e) (1) (i) due to his failure to provide the Committee with answers to the remaining complaints, despite promising to do so. 22 NYCRR 603.4 (e) (1) authorizes the suspension of an attorney under investigation based on a finding that the attorney "is guilty of professional misconduct immediately threatening the public interest." Such finding may be based on the attorney's willful failure to provide an answer to pending complaints or to comply with a lawful demand of the Committee (22 NYCRR 603.4 [e] [1] [i]).

Respondent has on numerous occasions failed to comply with the lawful demands of the Committee to answer the complaints

against him, despite the Committee's attempts to accommodate him. His partial compliance and his assertion that he has closed his law practice do not excuse his failure to fully comply with the Committee's requests. We note that respondent still has not submitted the remaining answers and has not answered the instant motion. Such conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137.)

Accordingly, the Committee's motion to suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted, and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

SULLIVAN, J. P., NARDELLI, LERNER, MAZZARELLI and SAXE, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Departmental Disciplinary Committee for the First Judicial Department have been concluded, and until the further order of this Court.