310

[700 NYS2d 820]

In the Matter of PAUL D. GHINGER (Admitted as PAUL DAVID GHINGER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 18, 2000

**APPEARANCES OF COUNSEL**

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Paul D. Ghinger was admitted to the practice of

law in the State of New York by the First Judicial Department on June 20, 1994, as Paul David Ghinger. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated December 31, 1998, the Departmental Disciplinary Committee (Committee) sought an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct involving neglect of three client matters and failure to earn or return advance legal fees paid to him. This motion was granted by an order of this Court entered March 23, 1999 (*Matter of Ghinger*, 253 AD2d 219).

The Committee's notice of motion to suspend specifically stated, pursuant to 22 NYCRR 603.4 (g), that an attorney who is suspended and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice.

The Committee now moves for an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), on the ground that respondent has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the date of the order of suspension. Respondent has not responded to the instant motion.

Accordingly, in light of the foregoing and inasmuch as more than six months have elapsed since the date of this Court's suspension order, and respondent has neither appeared nor applied in writing to the Committee nor this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), should be granted (*Matter of Tucker*, 241 AD2d 250) and respondent's name stricken from the roll of attorneys, effective immediately.

SULLIVAN, J. P., NARDELLI, MAZZARELLI, LERNER and SAXE, JJ., concur.

Motion granted and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.