[693 NYS2d 128]

In the Matter of MICHAEL J. DONOVAN (Admitted as MICHAEL JOSEPH DONOVAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 22, 1999

**APPEARANCES OF COUNSEL**

*Judith N. Stein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael J. Donovan was admitted to the practice

of law in the State of New York by the First Judicial Department, on February 4, 1991, as Michael Joseph Donovan. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) suspending respondent from the practice of law, due to his willful failure to cooperate with the Committee's investigation into complaints filed by respondent's client, Ms. Morning Slayter. Respondent was representing Ms. Slayter in a case against her landlord. Ms. Slayter filed a complaint with the Committee in February 1998, alleging that respondent was neglecting her case, had failed to return a $750 retainer and was unreachable.

The Committee sent a copy of this complaint to respondent's New York office address in March 1998, but received no reply. Ms. Slayter filed a second complaint in April, adding several new allegations. She claimed that respondent had falsely informed her that her case had been adjourned, that respondent had lied to the court about the case and that a trial had proceeded in Ms. Slayter's absence despite the court's previous direction that respondent bring his client to court. As a result, a default judgment was entered against Ms. Slayter, awarding possession of the apartment to the landlord.

The Committee again sent the complaint to respondent's office in May 1998 by regular and certified mail. The receipt from the certified letter was returned bearing respondent's signature, but he otherwise failed to respond.

On June 8, 1998, a subpoena was issued to respondent at his New York business address, directing him to appear before the Committee on June 23 with a response to the complaint. A Committee investigator discovered that respondent had left a forwarding address in Idaho. The Committee sent the complaint to the Idaho address on June 22, but once again received no response. It sent the complaint again by regular and certified mail to the Idaho address on July 16, but the letter was returned to the Committee on August 12 with a new Idaho address indicated on the envelope. The complaint was duly sent by certified mail to this address the next day. The return receipt was received August 15 with an illegible signature.

In December 1998, the Committee investigator discovered that respondent was working for a firm in Boise, Idaho. However, when contacted, the firm said that respondent would be out of the office until January 11, 1999. When the Commit-

tee finally established contact with respondent on January 12, he claimed that he had never seen any of the Committee's letters (notwithstanding his signature on the receipt for the letter sent to the New York office address).

The Committee sent the complaint yet again to respondent's Idaho office. He acknowledged receiving it and, after requesting an extension of time to answer the complaint, promised to submit a response by February 23, 1999. Not surprisingly, in light of his past evasive behavior, respondent has since failed to submit any answer to the allegations in the complaint and has not sought an adjournment or otherwise contacted the Committee. Nor has he interposed a response to the instant motion to suspend him, which was mailed to his three Idaho addresses.

22 NYCRR 603.4 (e) (1) (i) provides that an attorney's failure to cooperate with a pending investigation by the Committee is grounds for immediate suspension pending consideration of the charges against him. Respondent has admittedly had notice of the disciplinary complaint since January 1999, and probably well before that. Nonetheless, he has utterly failed to respond. In addition, one may fairly infer that he deliberately evaded the Committee's diligent attempts to locate him and then lied to them about not receiving notice of the proceedings. This deliberate attempt to impede the Committee's investigation demonstrates disrespect for the judicial system (*Matter of Gordon*, 142 AD2d 135, 137).

Accordingly, the Committee's motion should be granted. Respondent should be suspended from the practice of law immediately, and until such time as disciplinary matters pending before the Committee have concluded, and until further order of this Court.

ELLERIN, P. J., SULLIVAN, ROSENBERGER, NARDELLI and WALLACH, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.