[706 NYS2d 103]

In the Matter of MICHAEL J. DONOVAN (Admitted as MICHAEL JOSEPH DONOVAN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 6, 2000

## APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Michael J. Donovan, was admitted to the practice of law in the State of New York by the First Judicial Department on February 4, 1991, as Michael Joseph Donovan. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In a decision and order entered July 22, 1999, this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), pending further disciplinary proceedings, based upon his willful failure to cooperate with the Departmental Disciplinary Committee's investigation into complaints filed by respondent's client (*Matter of Donovan*, 259 AD2d 150). His client alleged that he had neglected her case and lied to her and to the court about the case, and that his mismanagement caused a default judgment to be entered against her. Respondent evaded the Committee's attempts to locate him for several months. When the Committee contacted him in Idaho, where he had relocated during the course of the investigation, he falsely stated that he had not received notice of the proceedings. He failed to respond thereafter (*supra*, at 152).

The Committee now moves for an order disbarring respondent from the practice of law pursuant to 22 NYCRR 603.4 (g) on the grounds that respondent has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has failed to appear or apply in writing to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension. Despite service of this motion at three different Idaho addresses, including respondent's business address, he has not interposed a response.

Accordingly, since more than six months have passed since this Court's suspension order, and respondent has neither appeared nor applied in writing for a hearing or reinstatement, the Committee's motion for an order disbarring respondent should be granted (*Matter of Tucker*, 241 AD2d 250), and respondent's name stricken from the roll of attorneys, effective immediately.

SULLIVAN, P. J., ROSENBERGER, NARDELLI, ELLERIN and WALLACH, JJ., concur.

Motion granted and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, all effective the date hereof.